STATE of Missouri, Respondent,

v.

Gregory THOMPSON, Appellant.

No. KCD 27910.

Missouri Court of Appeals,
Kansas City District.

Feb. 9, 1976.

Thomas M. Larson, Public Defender, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Charles L. Howard, Asst. Atty. Gen., Jefferson City, for respondent.

Before TURNAGE, P. J., and WELBORN and HIGGINS, Special Judges.

TURNAGE, Presiding Judge.

This appeal follows defendant's conviction of robbery first degree under Section 560.120, RSMo 1969, and his sentence to twelve years imprisonment by the jury.

Defendant does not question the sufficiency of the evidence to convict him but raises a single point concerning the failure to strike a reference to defendant having been seen in Juvenile Court. The conviction is affirmed.

The manager of Jean's Plus testified concerning the robbery and his identification of the defendant as being one of those involved. On cross-examination the manager was asked if he had seen the defendant prior to the day of the robbery. The manager stated "yes", and in response to the question "When?" stated: "Both in the store and in Court, on a juvenile, in Juvenile Court."

Another question and answer followed before defendant's counsel, out of the hearing of the jury, requested the court to instruct the jury to disregard the remark in regard to the Juvenile Court on the ground it was a comment upon the defendant's juvenile record. The court observed that nothing had been said about the purpose of the defendant having been in Juvenile Court when he was seen.

On this appeal defendant argues solely the statement should have been stricken because it violated Section 211.271, RSMo 1969. That Section states that admissions and statements made by a child to the juvenile officer and all evidence given under the Juvenile Code as well as all reports and records of the Juvenile Court are not proper evidence against the child and shall not be used for any purpose in any proceeding other than one under the Juvenile Code.

Defendant urges that this statement left the jury with the impression the defendant had been in Juvenile Court on a juvenile charge. However, a fair reading of the answer given by the manager, as set out above, reveals the accuracy of the trial court's observation. No mention was made as to why the defendant had been in Juvenile Court nor was there any mention made that defendant had committed any offense which required his appearance in Juvenile Court. For all that appears from the answer, the defendant could have been in Juvenile Court as a witness, or for some other purpose unconnected with the commission of any offense.

It is beyond question the statement made does not in any way violate the Juvenile Code since no admission or statement made by the defendant, nor any reports or records from Juvenile Court were quoted or referred to.

As stated in *State v. Ford*, 487 S.W.2d 1, 4[2] (Mo.1972), "nothing that was done in the juvenile court was used against the defendant in the trial of this cause."

There was no violation of the Juvenile Code involved here. Furthermore, as observed in *Ford*, the evidence of defendant's guilt was overwhelming. The answer was not prejudicial to the defendant. Nor is there any allegation the answer was made in bad faith or as an attempt to get any improper information before the jury.

The judgment is affirmed.

All concur.