STATE of Missouri, Respondent,

v.

Michael Jerome ISREAL, Appellant.

No. 36844.

Missouri Court of Appeals,
St. Louis District,
Division Two.

April 6, 1976.

Motion for Rehearing or Transfer
Denied May 17, 1976.

Application to Transfer Denied
July 12, 1976.

Howard, Edwards & Singer, Raymond Howard, Jr., Roy A. Walther, III, St. Louis, for appellant.

Preston Dean, Asst. Atty. Gen., Jefferson City, Brendan Ryan, Circuit Atty., Thomas J. Kavanaugh, Asst. Circuit Atty., St. Louis, Sheila K. Hyatt, Asst. Atty. Gen., Jefferson City, for respondent.

CLEMENS, Presiding Judge.

A jury found defendant guilty of first-degree robbery (Section 560.120, RSMo 1969) but could not agree on punishment. The trial court sentenced defendant to twenty years' imprisonment. Two witnesses identified defendant as being among five men

who robbed a restaurant on March 18, 1974. Defendant appeals, raising seven points relied on.

I. Defendant contends the circuit court lacked jurisdiction since the juvenile court had not waived its jurisdiction and certified him for trial as an adult.

■ There was some confusion in the original transcript filed here concerning the matter of the juvenile court having waived its jurisdiction pursuant to § 211.071, RSMo 1969. Under Rules 28.18 and 81.12(c), the trial court amended the transcript to include a juvenile court order certifying defendant to be tried as an adult. The supplemental transcript shows the juvenile court did dismiss the petition against defendant and thereby effectively waived jurisdiction. We find no prejudice to defendant.

II. Defendant contends he was prejudiced by State's counsel referring to the fact he had been indicted by the grand jury and thus equated indictment with guilt.

During his opening statement the prosecutor said, ". . . this crime that this man has been charged with, indicted on by the Grand Jury, is a felony." The trial court denied defense counsel's request for a mistrial, but instructed the jury to disregard the prosecutor's remark.

■ The court had a broad discretion in its choice of remedy. *State v. Raspberry*, 452 S.W.2d 169[7–11] (Mo.1970). In *State v. London*, 295 S.W. 547[4, 5] (Mo.1927), the prosecutor made several references to an indictment, even after being admonished by the trial court and directed to avoid such comments. The court ruled the mere mention of an indictment was not prejudicial. Here, as in *London*, the trial court believed its caution to the jury was sufficient to counteract the prosecutor's remark. We find no abuse of discretion.

III. During jury voir dire the prosecutor asked two questions which defendant says committed the jury to vote for conviction. The questions: "Is there anybody who feels for whatever reason, that they could not under any circumstances go to a jury room, no matter what testimony they hear, no matter what instructions the judge gives, to go to a jury room and vote to convict a man of felony? . . . Will you be able, presuming of course, after you hear the evidence you do find the man guilty and the judge does tell you that you must assess punishment?"

■ Some questions by prosecutors attempting to discern whether veniremen are unable to conscientiously return a guilty verdict under any circumstances have been subjected to judicial criticism, but such questions are not necessarily prejudicial. *State v. Turnbough*, 498 S.W.2d 567[1–3] (Mo.1973) and *State v. McCaine*, 460 S.W.2d 618[11] (Mo.1970).

■ The quoted questions appear to be intended to uncover moral scruples against returning a verdict of guilty. Questions inquiring into the ability of a juror to reach a conclusion do not necessarily commit a juror to return a guilty verdict. Questions beginning with "could" or "will you be able," as in the instant case, indicate an inquiry into such ability. *State v. McCaine, supra*, at p. 622[11]. Neither question here was improper.

■ IV. During opening statement the prosecutor told the jury a state's witness would testify he was taken by police officers to the juvenile court where he identified defendant at a lineup. Defense counsel's general objections were overruled.

Defendant argues the remarks locating the lineup at juvenile court were improper, citing § 211.271(3), RSMo 1969, declaring "all admissions, confessions, and statements by the child . . . as well as all reports and records of the juvenile court, are not lawful or proper evidence . . . ."

In *State v. Thompson*, 533 S.W.2d 689 (Mo.App., Kansas City District, 1976), a witness' reference to seeing the defendant "in juvenile court" was deemed non-prejudicial, the court saying the statement does not violate the juvenile code since no admission or statement made by defendant nor any reports or records of juvenile court were quoted or referred to. Here, nothing done

in the juvenile court was used against defendant at his trial. That is the essence of the proscriptions of § 211.271(3), RSMo 1969; *State v. Ford*, 487 S.W.2d 1[2] (Mo.1972).

█ V. Defendant contends the trial court should have granted his motion for a mistrial when the prosecutor in narrating the evidence to be presented said that police working on the case arrested and spoke to one Carl Dunlap. The trial court denied the motion but directed the prosecutor to avoid referring to Mr. Dunlap, and instructed the jury to disregard previous references to him.

Defendant cites *State v. Fenton*, 499 S.W.2d 813 (Mo.App.1973) to support his claim of error. That case held a prosecutor may not dangle a joint defendant's confession before a jury at another defendant's trial. This was not done here. Carl Dunlap was never even identified as an accomplice. Without more, the defendant was not prejudiced by the prosecutor's mention of Dunlap's name and the hint of it having some connection with the case. We defer to the trial court's discretion in refusing to grant a mistrial. *State v. Spears*, 505 S.W.2d 92[2] (Mo.1974).

VI. Defendant asked for a mistrial when the prosecutor in closing argument said the jury need not assess punishment: "In the alternative [to assessing punishment yourselves], perhaps you might feel that Judge Gaertner based on his experience as a Circuit Judge, based on what he knows about this case and his experience generally is in a better position to assess punishment. That's your . . ." At this point defense counsel objected and moved for a mistrial. The court denied the motion but ordered the jury to disregard the prosecutor's comment and directed the jury's attention to written instructions in the case declaring the primary responsibility for punishment was on the jury. The prosecutor then retracted his former statement saying "the primary responsibility in assessing punishment is with the jury."

█ The prosecutor's statement was improper. Counsel's arguments may not "attempt to persuade the jurors to shirk their duty regarding assessment of punishment after they have determined guilt." *State v. Matzker*, 500 S.W.2d 54[6] (Mo.App.1973). Granting a mistrial, however, is an extreme remedy. *State v. Dennison*, 428 S.W.2d 573[2–4] (Mo.1968). The statement was not inflammatory and the trial court's corrective instruction and the prosecutor's retraction dispelled whatever harm might have resulted. The denial of a mistrial was not an abuse of discretion. See *State v. Johnson*, 534 S.W.2d 844 (Mo.App.1976).

VII. Defendant's last point is that in fixing punishment the trial court erroneously relied on juvenile court records contrary to § 211.271, RSMo 1969.

█ The pre-sentence report relied on by the court in sentencing the defendant included the results of a consultation with a juvenile officer in defendant's certification proceeding. Defendant misconceives the scope of the statute. The trial court ordered a Rule 27.07 pre-sentence investigation. That rule declares such an investigation shall include the defendant's "social history and the circumstances affecting his behavior as may be helpful in imposing sentence . . . ." The trial judge's remarks at sentencing shows he relied on considerations proper under Rule 27.07. The judge stated he did not know what juvenile offenses the defendant had been involved in and that punishment was based on defendant's attitude, the seriousness of the offenses and on defendant's lack of concern for the lives and property of other persons. Aside from this, the only grounds for challenging a sentence is its excessiveness. *Bracy v. State*, 456 S.W.2d 302[5] (Mo.1970). The sentence in this case is within limits prescribed by law.

Judgment affirmed.

DOWD and STEWART, JJ., concur.