STATE of Missouri ex rel. John Allen WHITTAKER, Relator,

v.

The Hon. E. Richard WEBBER, Special Judge of the Circuit Court of Marion County, Missouri, District II, Respondent.

No. 42639.

Missouri Court of Appeals, Eastern District, Division Two.

Aug. 26, 1980.

---

Fredrich J. Cruse, Public Defender; Tenth Judicial Circuit; Hannibal, for relator.

John Lyng, Pros. Atty.; Tenth Judicial Circuit; Hannibal, for respondent.

LACKLAND H. BLOOM, Special Judge.

Relator seeks to prohibit respondent, Special Judge of the Marion County Circuit Court from utilizing a presentence report prepared for his consideration by the Division of Probation and Parole before imposing sentence on relator following his pleas of guilty to a felony charge. Relator states that the report contains information disclosing the prior juvenile record of relator, that the record was not obtained pursuant to court order and that including the record in the presentence report violates § 211.321, RSMo 1978.[1] We issued our preliminary writ of prohibition.

By leave the Attorney General of Missouri has filed a brief as *amicus curiae* in opposition to the issuance of the writ and argued the case here, which brief and argument has been adopted by respondent. The issues raised have been thoroughly briefed and argued by both sides.

The facts are not in dispute. On November 20, 1979 the juvenile court of Marion County dismissed a petition pending against relator and certified him for trial as an adult. The judge found that relator had allegedly committed two separate offenses of burglary and stealing while a juvenile, which offenses would be felonies if committed by an adult. The following finding was also made regarding the relator:

> [H]e is not a proper subject to be dealt with under the provisions of the juvenile code for the reasons that the totality of circumstances, his age, maturity, experience, development, associates, street–wise experience, sophistication, the prosecutorial merits of this case, and the child has not been amenable to probation services available to the Juvenile Court and has been committed to the Division of Youth Services with the execution suspended on two separate times and that said juvenile is now 17 years of age and older and is not a proper subject to be dealt with under the benign rehabilitation care, treatment and services available to this Court and cannot benefit further therefrom.

Thereafter on December 18, 1979 an information was filed in the Marion County Circuit Court charging relator with the offense of burglary and stealing on December 2, 1978. On January 15, 1980 relator entered a plea of guilty to said charge before respondent who ordered a presentence investigation.

1. Statutory references are to RSMo 1978.

Relator was born January 22, 1962 and on the date of his plea was one week short of being 18 years of age. The presentence report was submitted on February 12, 1980 and contained a six page resume of relator's family, social, school and employment history, most of which was apparently obtained from interviews with relator, his parents, and juvenile officers plus a review of the juvenile records. No specific order was made by respondent pursuant to § 211.321 authorizing the obtaining of information from the juvenile court records.

The presentence report under a paragraph entitled "Arrest Record" contains a reference to relator's juvenile involvement beginning in 1974 through the present offense.[2] The probation officer in the presentence report concluded: "Although he is quite youthful, he has shown himself to be mature in a 'street wise' manner. There is little to indicate that he would successfully complete a probation at this time."

Relator, on February 22, 1980, filed his petition in this court for a writ of prohibition on the ground that the alleged illegal inclusion in the presentence report of relator's juvenile involvement led to the recommendation that probation be denied. Relator argues: (1) the presentence report violates §§ 211.271 and 211.321 by including his juvenile record for the reason that "no order for the release of said juvenile records was obtained"; and (2) the inclusion of such information in the report is a denial of equal protection under the United States and Missouri constitutions. We reject both contentions and quash our preliminary writ of prohibition heretofore issued.

Section 211.271 is explicit in limiting the use and effect of proceedings in the juvenile court. Thus, adjudications shall not be deemed a criminal conviction nor impose any criminal or civil liability upon the juvenile. All admissions, confessions and statements made to juvenile officers and court personnel, and evidence given in cases under the juvenile code, and records and reports are declared to be inadmissible "for any purpose whatsoever in any proceeding, civil or criminal, other than proceedings under this chapter." The pertinent provisions of § 211.321(1) upon which relator relies provides in part that "[t]he proceedings of the juvenile court shall be entered in a book kept for that purpose and known as the juvenile records. These records as well as all information obtained and social records prepared in the discharge of official duty for the court shall be open to inspection only by order of the court to persons having a legitimate interest therein."

Relator contends that the failure of respondent to specifically order the juvenile records to be opened for inspection by the probation officer making the presentence report bars their use for "any purpose whatsoever" under the above cited provisions of the judicial code, including the use by respondent in sentencing relator on his plea of guilty. We have no doubt that under the holding in *State ex rel. Arbeiter v. Reagan*, 427 S.W.2d 371 (Mo. banc 1968), that respondent possessed the authority to make such an order and that the probation officer acting for the court would be a "person having a legitimate interest" in the contents of the juvenile records. This is especially true as § 557.026 now makes a presentence report mandatory in all felony cases and that section along with Supreme Court Rule 29.07 provides that the report "shall contain any prior criminal record of the defendant and such information about his characteristics, his financial condition, his social history, and the circumstances affecting his behavior as may be helpful in imposing sentence or in granting probation or in the correctional treatment of the defendant . . . ." Neither § 557.026 nor Rule 29.07 excludes certified juveniles. As the most reliable information pertaining to a juvenile certified to be tried as an adult can be expected to be lodged in his juvenile records, it can be assumed that § 557.026 and Rule 29.07 contemplate that such infor-

---

2. In deference to the confidentiality of the presentence report the specific references to prior offenses is omitted.

mation be opened to the probation officer charged by the trial court with providing it with meaningful and accurate information of the juvenile's background. Our assumption is fortified in this respect by the knowledge that the Missouri Legislature at its most recent session enacted Senate Bill No. 512, approved by the Governor, which amends § 211.321 of the Juvenile Code to provide for the release of the records pertaining to a juvenile charged with committing certain types of specific crimes. The section is further amended by adding the following:

> In addition, whenever a report is required under Section 557.026, there shall also be included a complete list of certain violations of the juvenile code for which the defendant had been adjudicated a delinquent while a juvenile. This list shall be made available to the probation officer and shall be included in the presentence report. The violations to be included in the report are limited to the following: Rape, sodomy, murder, kidnapping, robbery, arson, burglary or any acts involving the rendering or threat of serious bodily harm. The Supreme Court may promulgate rules to be followed by the juvenile courts in separating the records.

Although the amendment was not effective at the time relator's presentence report was prepared, it is indicative of an intention of the legislature to recognize the impact of mandatory presentence reports and to eliminate any doubt which may have existed as to the availability of the juvenile records to the probation officer preparing the report and to fix the types of violations which may be reported. It is noteworthy that included among those violations is "burglary" the reported violations to which relator takes offense.

Our Supreme Court has recognized that the ultimate purpose of transferring a juvenile for trial as an adult is "to protect the *public* in those cases where rehabilitation appears impossible." *State ex rel. Arbeiter v. Reagan*, 427 S.W.2d at 377 (original emphasis). If the public is to be adequately protected in cases involving the sentencing

after conviction of a certified juvenile, the sentencing judge must have available to him accurate information touching on the juvenile's background. Section 557.026 and Rule 29.07 place the responsibility of obtaining this information for the court upon an experienced and qualified probation officer. It is also to the defendant's interest that accurate information be provided the court and not force it to depend on information *de hors* the juvenile records to reach a proper and fair disposition of a youthful offender.

Thus, in this particular case the court had before it reference to relator's prior record as a ward of the juvenile court as set out in the order dismissing the petition in the juvenile court and which became the jurisdictional basis for proceeding in the circuit court. Unexplained, such reference could lead the court to inferences more detrimental to the juvenile than an accurate recitation of the records.

We have been referred to no Missouri case which specifically addresses the issue here presented and our research reveals none. In the case of *State v. Isreal*, 537 S.W.2d 565 (Mo.App.1976), this court held that the trial judge in fixing punishment of a juvenile did not erroneously rely on the results of consultations with a juvenile officer contained in a presentence report. In that case, however, the record disclosed that the trial judge stated that he did not know what juvenile offenses the defendant had been involved in and that he relied on considerations proper under what is now Supreme Court Rule 29.07. Obviously the case does not stand for the proposition that had the trial judge been aware of the contents of the juvenile records and given them proper consideration in fixing punishment or denying probation, that error would necessarily be mandated.

In giving proper consideration to the juvenile records it is to be expected that the trial court will bear in mind that under § 211.271 juvenile violations are not criminal offenses and cannot be used to enhance the punishment to be imposed upon a juve-

nile in an adult court but may be considered solely to provide an insight as to the social history, the circumstances affecting the defendant's behavior, his amenability for rehabilitation, and the likelihood of his successfully completing a period of probation and his need for special treatment, together with other considerations appropriate to the particular case.

Other jurisdictions having statutes identical or substantially similar to § 211.321 have upheld the use of information contained in the juvenile records for the purpose of sentencing. These cases are extensively reviewed by the Michigan Supreme Court in *People v. McFarlin*, 389 Mich. 557, 208 N.W.2d 504 (1973), upholding the inclusion in the presentence report of all information concerning the juvenile history of an adult defendant. The court stated "[t]he clear weight of judicial authority is in favor of full disclosure of the defendant's past, including his juvenile court history, to the sentencing judge." *See Commonwealth ex rel. Hendrickson v. Myers*, 393 Pa. 224, 144 A.2d 367 (1958); *Young v. State*, 553 P.2d 192 (Okla.Cr.App.1976); *Berfield v. State*, 458 P.2d 1008 (Alaska 1969), and a collection of cases from other jurisdictions in Annot., 64 A.L.R.3d 1291 (1975).

We hold that in the confines of this case, the action of respondent in ordering a presentence report after relator's plea of guilty to the offense of burglary and stealing, constituted sufficient order under § 211.321 to release information contained in his juvenile records to the probation officer preparing the presentence report.

■ Relator next asserts that to permit reference to his juvenile offenses would deprive him of equal protection of the laws under the constitutions of the United States and the State of Missouri for the reason that without inclusion of the juvenile record he would be considered a first offender and a likely candidate not only for probation but for a suspended imposition of sentence. He argues that inclusion of the juvenile record induced the recommendation of the probation officer that probation be denied and negates the intent of the legislature to erase his prior juvenile adjudications and permit him to start upon his adult journey with a clean slate. Thus, he is not treated as other adult first offenders but faces the possibility of imprisonment because of the taint of a juvenile record.

We believe the obvious answer is that there is no basis in the record before us for concluding that relator, upon sentencing, will be treated in any manner different than any other first offender. Section 211.-271 mandates that no juvenile shall suffer any civil or criminal disability by reason of his juvenile record. He is not considered an "habitual criminal," or a "dangerous" or "persistent" offender. We cannot presume that his sentence, if any, will be enhanced by reason of any adjudications in the juvenile court. As we have indicated, the sole purpose of information as to juvenile involvement in the presentence report is to accurately inform the sentencing judge as to those facts of the juvenile's history which will guide the judge in the following particulars: amenability to corrective behavior, availability of effective parental guidance, his needs, attitudes, concepts, associates and his propensity to abide by the law or for violence, all matters of concern to society and the courts in the sentencing of even first offenders. Furthermore, to the extent that all certified juveniles will have their records opened for similar consideration under amended § 557.026, they will all be equal under the law.

■ It is well settled that the mere fact that some defendants may receive suspended sentences or probation while others similar situated do not, does not deny equal protection of the law. *State v. McCaine*, 460 S.W.2d 618, 621 (Mo.1970); *State v. Brownridge*, 459 S.W.2d 317, 319 (Mo.1970); *Shields v. State*, 491 S.W.2d 6, 9 (Mo.App. 1973); *Accord, State v. Douglas*, 87 Ariz. 182, 349 P.2d 622, 625 (1960), *cert. denied*, 363 U.S. 815, 80 S.Ct. 1255, 4 L.Ed.2d 1157 (1960). Nor does the fact that co-defendants receive different sentences for the same offense or that one obtains probation which is denied to others offend the equal protection provisions of the federal or state

constitutions. *United States v. Garrison*, 527 F.2d 998 (8th Cir. 1976). Relator's contention is without merit.

The preliminary writ of prohibition, having been improvidently granted, is quashed.

GUNN, P. J., and STEPHAN and PUDLOWSKI, JJ., concur.