**STATE of Missouri ex rel. Darwin Keith PALMER, Plaintiff,**

v.

**The Honorable James H. KEET, Jr., Judge of the Circuit Court of Greene County, Missouri, 31st Judicial Circuit, Defendant.**

No. 12275.

Missouri Court of Appeals,
Southern District,
Division One.

Jan. 27, 1982.

Richard D. Bender, Sherwood, Honecker & Bender, Springfield, for plaintiff.

Robert D. Lewis, Asst. Pros. Atty., Springfield, for defendant.

TITUS, Judge.

Plaintiff herein, then defendant, in February 1981, pleaded guilty in Division III of the Circuit Court of Greene County to the class C felony of burglary in the second degree. § 569.170.[1] As judge of that court, the defendant herein under date of May 11, 1981, entered the following order:

"The court hereby orders and authorizes the Missouri Probation and Parole Office, through its probation officers, to obtain from the juvenile records of defendant and orders and authorizes the juvenile officer of Greene County, Missouri to release to the Missouri Probation and Parole Office, acting through its probation officers, the probation office [sic] being a person having a legitimate interest in the contents of such juvenile records within the meaning of § 211.321, the following juvenile records of defendant for purpose

---

1. References herein to statutes and rules are to Missouri Revised Statutes, V.A.M.S., and to Missouri Rules of Court, V.A.M.R.

of pre-sentence investigation and report on same to this court pursuant to § 557.026 and Rule 29.07: Record of finding of jurisdiction as to each act of defendant for which the Juvenile Court found it had jurisdiction which would be a criminal offense if committed by an adult; The Juvenile Court's disposition thereof; Defendant's conduct while on court probation in any case in which the court determined it had jurisdiction because of any such act and granted probation; Any commitment to the Division of Youth Services by the Juvenile Court on account of any such act and the disposition made by the Division of Youth Services; And defendant's conduct while on parole after such commitment, if such parole occurred."

On the heels of the entry of defendant's order, supra, plaintiff filed in this court his petition for a writ of prohibition wherein he sought our order prohibiting defendant in sentencing plaintiff from considering "any prior juvenile adjudication for any violation other than those violations specifically enumerated in Section 211.321(1) . . . and to file answer showing cause to this Court . . . why this Preliminary Order in Prohibition should not be made absolute and a final Judgment in prohibition be entered in this proceeding." Our preliminary order in the words just quoted issued. Defendant, in answer to the petition, admitted all allegations in plaintiff's petition except for denying "he is acting in excess of his jurisdiction in considering juvenile adjudications other than those enumerated in Section 211.321 . . . ."

As pertinent here, § 211.321 provides as follows: "1. The proceedings of the juvenile court shall be entered in a book . . . known as the juvenile records. These records . . . shall not be open to inspection or their contents disclosed, except by order of the court to persons having a legitimate interest therein, unless a petition or motion to modify is sustained which charges the child with an offense which, if committed by an adult, would be a class A felony . . . or capital murder, first degree murder, or second degree murder. In addition, whenever a [presentencing] report is required under section 557.026, RSMo, there shall also be included a complete list of certain violations of the juvenile code for which the defendant had been adjudicated a delinquent while a juvenile. This list shall be made available to the probation officer and shall be included in the presentence report. The violations to be included in the report are limited to the following: Rape, sodomy, murder, kidnapping, robbery, arson, burglary or any acts involving the rendering or threat of serious bodily harm."

Unless waived by the defendant in a criminal case, § 557.026 provides that when a probation officer is available to the court, the officer shall make a presentence investigation in all felony cases and report his findings to the court, but only after defendant has pleaded guilty or been found guilty. However, as seen from a reading of § 211.321–1, the presentence investigation and report of the probation officer as it relates to violations of the juvenile code for which defendant (plaintiff herein) had been adjudicated a delinquent while a juvenile, is specifically limited to violations enumerated in the statute. Before § 211.321 assumed its present form as amended by Laws of 1980, a judge ordering a presentence report after a plea of guilty could order release of all information contained in defendant's juvenile record for inclusion in his presentencing report. *State ex rel. Whittaker v. Webber*, 605 S.W.2d 179, 181–183[1] (Mo.App. 1980). Nevertheless, as noted in *Whittaker* at 182, present § 211.321 provides for only the release of those records pertaining to commission of the specific crimes named in the statute. Albeit defendant judge's order and authorization of May 11, 1981, may have been proper before amended § 211.321 became effective, it was not proper at the time it was made and entered in this case. Consequently, our preliminary order in prohibition hereinbefore ordered is now made absolute.

GREENE, P. J., and FLANIGAN, J., concur.