**Donnie Ray WHITNEY,
Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 16439.**

Missouri Court of Appeals,
Southern District,
Division Two.

May 14, 1990.

Mary K. Anderson, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

HOGAN, Judge.

Movant Donnie Ray Whitney, to whom we shall refer as the defendant, filed a motion to set aside four pleas of guilty entered by him in the Circuit Court of Mississippi County on December 13, 1983. The motion was filed May 15, 1987, pursuant to former Rule 27.26.[1] An amended motion was filed September 10, 1987. The sole ground for relief stated in the amended motion was that the defendant was denied due process because the trial court "deviated" from a plea bargain after accepting the defendant's plea by ordering that the defendant's sentences run consecutively rather than concurrently. On February 23, 1989, the court took up the amended motion and on May 23, 1989, denied relief without an evidentiary hearing. The defendant appeals. We affirm.

By information filed in the Circuit Court of Mississippi County on September 12, 1983, the defendant was charged with two counts of burglary in violation of § 569.170, RSMo 1978, and two counts of stealing in violation of § 570.030.3(1), RSMo Cum.Supp.1983. On December 13, 1983, the defendant filed a petition to be allowed to plead guilty to all the charges pending against him.

On that same day, the defendant appeared in the Circuit Court of Mississippi County. The trial court addressed the defendant personally as required by Rule 24.-02(b). The defendant's trial counsel announced that defendant wished to withdraw his plea of not guilty and enter a plea of guilty. The defendant assured the trial court that he had signed the petition to enter pleas of guilty, and the court, among other things, advised the defendant of his Sixth Amendment rights. At the conclusion of the hearing on the guilty pleas, the trial court found that the pleas were voluntarily and intelligently entered with a full understanding of the consequences. A presentence investigation was ordered.

On January 10, 1984, the defendant appeared for sentencing. Initially the trial court indicated it would follow the "plea bargain recommended to [the] Court." The defendant was sentenced to serve 4 years on each count. Defense counsel then recommended that the court consider "some sort of leniency on probation." The trial court then addressed the defendant as follows:

\* \* \* \* \* \*

"THE COURT: What are your thoughts, Mr. Whitney?

THE DEFENDANT: I feel the same way. I feel if I had another break, I feel I could do better.

THE COURT: How many breaks do you think you need?

THE DEFENDANT: Just—this will be the last one.

THE COURT: How many break-ins have you been involved in?

THE DEFENDANT: Other than this one?

THE COURT: Yes. Seven, eight, nine?

THE DEFENDANT: No; two.

THE COURT: *Why does my juvenile record go clear back into your childhood with break-ins, thefts, burglaries?* You have lived off other people ever since you've been here. I can't see any reason to put you out. If you could give me a reason—how far did you go in school?

THE DEFENDANT: 11th.

THE COURT: And you quit?

THE DEFENDANT: Yes." (Emphasis added.)

\* \* \* \* \* \*

Discussions continued in this vein for some time. Defendant's mother expressed

---

1. Inasmuch as sentence was pronounced prior to January 1, 1988, and a motion under former Rule 27.26 was pending when present Rule 24.-035 became effective, this proceeding is governed by the provisions of Rule 27.26 in effect on the date the motion was filed.

the view that the defendant could change. The court relented and addressed the defendant as follows:

"THE COURT: Well, I'll tell you what I will do, Mr. Whitney. I will put the question to you in a different way. You had a plea bargain for four, four, four and four. Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: The plea bargain was that they stack concurrently. That means you would only do one four-year term; do you understand that?

THE DEFENDANT: Yes.

THE COURT: If you will notice, and I wrote this a long time ago, I wrote it on there, 'Loser, probably should be taken out of society.' Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: In other words, there is no reason for you to be out there. I don't think you are going to do anything. But I will make you a trade and I will give you a goal to follow if you're interested. *I will not stack those concurrently. I will stack them consecutively. And I will put you on probation. But you have to agree to it and you have to understand it.*

This decision was made when I read the PSI that I was not going to give you· probation, but you have a plea bargain that has been offered. I want you to understand that. It was four, four and four and four on each count, and I will follow that precisely, but I would have sent you to the penitentiary for four years.

*Now, if I place you on probation, I will change that plea bargain, but only if you agree to it. But if you break the law again, you have traded 16 years of your life.* Do you understand that? Do you understand what I am doing is telling you if you are really serious with me, I will gamble on you; but you break the law one more time, you have bought most of the rest of your young life. You won't be doing the things the young boys are doing because you will be sitting in the gray cell. *Do you want me to put you on probation?*

THE DEFENDANT: *Yes, sir.*

THE COURT: Is that agreeable to you, what I have just told you?

I don't want you coming back when you break the law and saying, 'I didn't understand the deal.' Do you understand it?

THE DEFENDANT: Yes, sir.

THE COURT: In other words, you're asking me to deviate from what I told you I was going to do and deviate from the plea bargain. Do you understand that? Do you have any question you want to ask me?

THE DEFENDANT: No question." (Emphasis added.)

Finally, the trial court pronounced sentence as follows:

"THE COURT: It is the judgment of this Court that these sentences shall run consecutively, and I will place Mr. Whitney on probation for a period of five years on the terms and conditions that he obey the law, obey the rules and regulations set down by the Division of Probation and Parole; that he make complete restitution for anything lost because of his crimes; that he attend the intake sessions, that he enroll and obtain his GED, and that he get a job.

It is also the judgment of this Court that he shall do 250 hours of community service. If you get a job, I will lift that off of you. Just get a job, do right, do what everybody is expected to do.

Mr. Whitney, I want to promise you, break the law again and I will break you. I will send you in and there is no question. I don't want you to doubt it. And the only reason I'm doing that, you have a record that says you are not going to make it. So, like I say, what I'm doing is handing you the keys to the jailhouse door. You do right, the door is open. If you break the law, you have thrown the young part of your life away. And I'm trying to give you that last chance. But

I'm also trying to protect those people out there, because if you rip somebody else off, I have cured myself of you.

I am required to charge you $26 for the Crime Victims' Compensation Fund of the State of Missouri."

The defendant's probation commenced on January 10, 1984. In our view, the conditions of his probation were quite clear and should have been clear to the defendant.

In any event, the defendant's probation was revoked on recommendation of his probation officer and his sentences were ordered executed. It was specifically ordered that the sentences imposed be served consecutively. This proceeding, as we have noted, was commenced on May 15, 1987, with the filing of a pro se postconviction motion.

The defendant has briefed two points in this court. His first point is that the trial court deviated from a plea agreement by ordering the defendant to serve his sentences consecutively. We are cited to *Santobello v. New York*, 404 U.S. 257, 262, 92 S.Ct. 495, 499, 30 L.Ed.2d 427, 433 (1972), wherein the United States Supreme Court held that when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled. Defendant has also cited *Schellert v. State*, 569 S.W.2d 735 (Mo. banc 1978), which holds, among other things, that if the trial court rejects the plea bargain, either at the time of the plea proceedings or at the time of sentencing, the court shall, on the record, inform the parties of that fact, advise the defendant personally in open court, or on a showing of good cause, in camera, that the court is not bound by the plea agreement, afford the defendant the opportunity then to withdraw his plea, and advise the defendant that if he persists in his guilty plea, the disposition of the case may be less favorable to the defendant than that contemplated by the plea bargain. *Schellert*, 569 S.W.2d at 739–40[5].

The defendant's bald assertion that the imposition of concurrent sentences was part of the plea bargain does not make his assertion true. During the sentencing hearing, the defendant's trial counsel specifically asked the trial court for leniency for his client. The trial court was not inclined to be lenient, but finally imposed consecutive sentences and put the defendant on probation for a period of 5 years. The defendant has not attacked his sentence on the ground that the probation procedure was irregular, although he might have done so, and we decline to consider the procedural aspects of § 559.021.1 sua sponte. In light of the fact that the imposition of consecutive sentences is a matter within the discretion of the trial court, *State v. Treadway*, 558 S.W.2d 646, 653 (Mo. banc 1977), cert. denied, 439 U.S. 838, 99 S.Ct. 124, 58 L.Ed.2d 135 (1978); *State v. Loewe*, 756 S.W.2d 177, 184 (Mo.App.1988), and inasmuch as the condition that the sentences imposed would run consecutively rather than concurrently is a condition reasonably calculated to insure that the defendant would not again violate the law, we cannot say that the conditions of defendant's probation were unreasonable. The trial court did not deny the defendant the benefit of a plea bargain and the record directly refutes his contention that his pleas of guilty were not knowingly and voluntarily entered. The first point is without merit.

The defendant's second point is that the trial court improperly took cognizance of "certain juvenile offenses in [defendant's] presentence investigation when sentencing [defendant]." This contention was not asserted in the motion nor advanced in the motion court. We are asked to consider the point as plain error.

We decline. The defendant's contention that the trial court deviated from the mandate of § 211.321 by considering offenses not specifically listed in the statute is speculative at best. While we agree with the principle of law for which the defendant contends, *State ex rel. Palmer v. Keet*, 627

S.W.2d 928, 929 (Mo.App.1982), we have held and adhere to the rule that issues not raised in a motion under Rule 27.26 and not presented in the trial court for determination will not be considered on appeal. *Mallett v. State,* 716 S.W.2d 902, 905 (Mo.App. 1986); *Davis v. State,* 680 S.W.2d 324[9] (Mo.App.1984); *Ardrey v. State,* 612 S.W.2d 859, 860[2] (Mo.App.1981). We refuse to consider a point advanced for the first time on appeal.

The judgment is affirmed.

FLANIGAN, P.J. and MAUS, J., concur.