STATE of Missouri, Respondent,

v.

Gerald A. MURILLO, Appellant.

No. WD 62252.

Missouri Court of Appeals,
Western District.

Dec. 7, 2004.

Sarah W. Patel, Kansas City, MO, for Appellant.

Deborah Daniels, Jefferson City, MO, for Respondent.

Before ULRICH, P.J., LOWENSTEIN and EDWIN H. SMITH, JJ.

HAROLD L. LOWENSTEIN, Judge.

Gerald A. Murillo was charged with first degree assault, Section 565.060,[1] second degree assault of a law enforcement officer, Section 565.082, and armed criminal action, Section 571.015. At all times relevant to this appeal, Murillo was represented by Daniel Franco. Despite voluntarily surrendering his license to practice law on October 7, 2002, Franco served as counsel during Murillo's October 15, 2002, trial. The Supreme Court of Missouri ultimately disbarred Franco on October 31, 2002; Franco did not contest his disbarment. Although he was no longer licensed to practice, Franco continued to represent Murillo post-trial, filing a motion for new trial and appearing at the sentencing hearing. Murillo now appeals, claiming he was denied his Sixth Amendment right to counsel.

## ANALYSIS

■ Murillo contends that his Sixth Amendment right to the assistance of counsel was violated when his lawyer voluntarily surrendered his license prior to trial, was disbarred, but then continued to represent Murillo in post-trial matters. Because the issue of whether the Sixth Amendment has been violated is a question of law, appellate review is de novo. *State v. Washington,* 9 S.W.3d 671, 675 (Mo.App.1999).

■ Both the United States and Missouri constitutions guarantee a criminal defendant the right to assistance of counsel during all critical stages of his or her proceedings. U.S. CONST. amend. VI; Mo. CONST. art. I, § 18(a). In accordance with this guarantee, Missouri courts have interpreted "counsel" to mean "a duly licensed lawyer, and not a mere attorney in fact or layman." *Higgins v. Parker,* 354 Mo. 888, 191 S.W.2d 668, 670 (banc 1945). As a result, when a criminal defendant is represented by a lawyer who is not duly licensed, such representation constitutes the unauthorized practice of law and thus deprives the defendant of his or her Sixth Amendment rights. *See* § 484.020.

■ Although a lawyer may voluntarily surrender his or her own license, he or she does not automatically cease being "counsel." Supreme Court Rule 5.25(a) provides that "[a] lawyer may seek to surrender the lawyer's license to practice law in this state voluntarily by application to this Court." The Court must then "make a determination whether to accept the surrender." Rule 5.25(a). Only when disbarred, however, does the lawyer lose his or her license to practice and cease being "counsel." *See, e.g., In re Sympson,* 322 S.W.2d 808, 809 (Mo. banc 1959).

■ In this case, Murillo hired Franco to represent him in facing charges of first degree assault, second degree assault of a law enforcement officer, and armed criminal action. Franco entered his appearance with the trial court on April 17, 2002. On October 7, 2002, however, Franco voluntarily surrendered his license to practice law to the Supreme Court of Missouri.

---

1. All statutory references are to RSMo.2000 unless otherwise indicated.

Although he surrendered his license, Franco continued to represent Murillo and served as his counsel at trial.

■ On October 31, 2002, fifteen days after Murillo was convicted, the Supreme Court ordered that Franco be disbarred. Franco neither contested the order nor informed Murillo or the trial court of his disbarment. He instead continued to represent Murillo as though he still had a license. Specifically, on November 21, 2002, Franco filed a motion for new trial and represented him at his November 22, 2002 sentencing hearing—both critical stages of Murillo's proceedings.

By continuing to serve as Murillo's attorney after being disbarred, specifically after October 31, 2002, Franco was engaging in the unauthorized practice of law. As a result, Murillo was not afforded the constitutionally guaranteed "assistance of counsel," since Franco was no longer "counsel" at all. Accordingly, Murillo's Sixth Amendment rights were violated by Franco's post-trial representation.

CONCLUSION

Because the Supreme Court of Missouri did not order Franco's disbarrment until after the trial court accepted the jury verdict, Murillo's Sixth Amendment right to counsel was not violated during trial. Murillo's rights were violated, however, when Franco filed a motion for new trial and represented Murillo at his sentencing hearing. Therefore, the judgment is reversed and remanded for the sole purpose of affording Murillo "assistance of counsel" in filing a motion for new trial and all post-trial matters related to his conviction.

All concur.