4. All rule citations are to the Missouri Supreme Court Rules (2011), unless otherwise indicated.

**Thomas Keith MASON, Appellant,**

v.

**STATE of Missouri, Respondent.**

#### No. WD 73066.

Missouri Court of Appeals,
Western District.

Feb. 28, 2012.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 27, 2012.

Application for Transfer
Denied July 3, 2012.

Laura G. Martin, Kansas City, MO, for Appellant.

Shaun J. Mackelprang, Jefferson City, MO, for Respondent.

Before JAMES EDWARD WELSH, P.J., CYNTHIA L. MARTIN, and GARY D. WITT, JJ.

JAMES EDWARD WELSH, Judge.

Thomas K. Mason appeals the denial of his Rule 24.035 motion for post-conviction relief. Mason raises three points on appeal. First, Mason contends that the circuit court clearly erred in overruling his Rule 24.035 motion because the court illegally considered Mason's prior juvenile ad-

judication in California for "Lewd and Lascivious Acts With a Child Under 14" when imposing Mason's sentence. Mason claims that Missouri law, pursuant to section 211.321.1, RSMo Cum.Supp.2011, prohibits such information from appearing in sentencing assessment reports and, therefore, prohibits that information from being considered during sentencing. Second, Mason contends that the court erred in overruling his Rule 24.035 motion because the prosecutor's use of Mason's California juvenile adjudication, in arguing for a lengthy sentence, violated Mason's due process rights and constituted prosecutorial misconduct. Finally, Mason argues that the court erred in overruling his 24.035 motion because his attorney's failure to object to the sentencing assessment report, that contained Mason's California juvenile adjudication, violated Mason's rights to due process and effective assistance of counsel. We affirm.

On July 5, 2007, Mason pled guilty to statutory sodomy in the first degree. At Mason's plea hearing, he admitted to licking the vagina of a child less than fourteen years of age. Mason's victim was six years old at the time of the offense. After Mason's guilty plea, the court ordered a sentencing assessment report and scheduled sentencing for a later date.

Mason's sentencing hearing was held September 13, 2007. At the hearing, a cellmate held at the Buchanan County Law Enforcement Center with Mason, testified. The cellmate reported that, while the two inhabited the same cell, the cellmate asked Mason to "pop" his back. The cellmate stated that, when he lay on his stomach for Mason to "pop" his back, Mason pulled down the cellmate's pants and forcibly sodomized him. The cellmate reported that, upon telling Mason "No," Mason stated that "no" did not "mean a word to him." The cellmate additionally alleged that, on another occasion, Mason pulled down his pants, performed oral sex on him, and "forced" him to perform oral sex on Mason.

Also presented at the sentencing hearing was a sentencing assessment report completed by Probation and Parole officer Rachael Ramsey. The report included Mason's identifying information, present offense information, a criminal history, victim impact information, an "asset and liability assessment," and "management recommendations." The criminal history portion of the report indicated that a background check revealed a juvenile offense in the state of California for a "Lewd and Lascivious Act with a Child Under 14." Ramsey also interviewed Mason for the report. Ramsey reported that, when Mason discussed sodomizing the six-year-old child, Mason "had a smile on his face and acted as though he was proud of himself." Ramsey indicated that, when Mason was asked if he believed what he did was wrong, Mason smiled and stated, "I took it upon myself to do it, she just laid there." Ramsey expressed concern for what she perceived as Mason's dishonesty regarding circumstances surrounding his offense and his lack of remorse for his six-year-old victim.

A supplemental report, containing information obtained by Ramsey after completion of her first report, was also submitted at Mason's sentencing hearing. The supplemental report indicated that on March 2, 2007, the St. Joseph, Missouri police department had been notified of the alleged sexual abuse of a two-year-old child by Mason. The report also included Mason's fellow inmate's allegations of Mason's alleged May 6, 2007, sexual attack upon him while the two inhabited the same jail cell.

Prior to sentencing, the six-year-old victim's mother spoke to the court regarding

the impact Mason's crime had on her child. After argument from the prosecution, defense counsel, and a statement from Mason, the court sentenced Mason to seventy-five years in the Missouri Department of Corrections. Thereafter, Mason filed timely motions to set aside the court's judgment pursuant to Rule 24.035. Mason alleged that the court's sentencing violated his due process rights and rights under Missouri law pursuant to section 211.321 and section 557.026, RSMo Cum.Supp. 2011, because those statutes prohibited reference to Mason's California conviction for "Lewd and Lascivious Acts With a Child Under 14." On June 25, 2010, an evidentiary hearing was held regarding Mason's motion, and, on September 8, 2010, Mason's motion was denied. Mason appeals.

■ In Mason's first point on appeal, Mason contends that the circuit court erred in overruling his Rule 24.035 motion because the court improperly considered Mason's prior juvenile adjudication in California for "Lewd and Lascivious Acts With a Child Under 14" when imposing Mason's sentence.[1] Mason contends that, pursuant to section 211.321.1, Missouri law limits juvenile violations that may be included in a sentencing assessment report to specified crimes, and "Lewd and Lascivious Acts With a Child Under 14" is not one of those crimes. Mason claims that the court's holding in State ex. rel. Palmer v. Keet supports his interpretation of section 211.321.1 and that only the crimes delineated in section 211.321.1, if committed while a juvenile, may be disclosed in the sentencing assessment report. 627 S.W.2d 928 (Mo.App.1982). We disagree.

■ Our review of the circuit court's ruling on a Rule 24.035 motion is limited to determining whether its findings and conclusions are clearly erroneous. Rule 24.035(k). Findings and conclusions are clearly erroneous only if we have a definite and firm impression that a mistake was made. *Dobbins v. State,* 187 S.W.3d 865, 866 (Mo. banc 2006). We find no error in the circuit court's ruling.

Section 211.321.1, as relevant to this opinion, states:

> [W]henever a report is required under section 557.026, RSMo, there shall also be included a complete list of certain violations of the juvenile code [2] for which the defendant had been adjudicated a delinquent while a juvenile. This list shall be made available to the probation officer and shall be included in the pre-sentence report. The violations to be included in the report are limited to the following: rape, sodomy, murder, kidnapping, robbery, arson, burglary or any acts involving the rendering or threat of serious bodily harm.

The circuit court in *Palmer,* for purposes of presentence investigation, ordered release of all juvenile crimes of the defendant. *Palmer,* 627 S.W.2d at 929. In response, the defendant sought a writ of prohibition, preventing the court from considering during sentencing any juvenile violations not enumerated in section 211.321.1. *Id.* In ruling on the defendant's writ, the Southern District of this court found that the circuit court had exceeded its power in ordering release of all of the defendant's juvenile offenses and held that:

> Before § 211.321 assumed its present form as amended by Laws of 1980, a judge ordering a presentence report af-

---

1. Appellant makes no claim that this information was confidential under California law.

2. Although section 211.321 does not define "juvenile code," we presume that it references Missouri's juvenile code.

ter a plea of guilty could order release of all information contained in defendant's juvenile record for inclusion in his pre-sentencing report. *State ex rel. Whittaker v. Webber,* 605 S.W.2d 179, 181–183[1] (Mo.App.1980). Nevertheless ... present § 211.321 provides for only the release of those records pertaining to commission of the specific crimes named in the statute. Albeit [the] judge's order and authorization ... may have been proper before amended § 211.321 became effective, it was not proper at the time it was made and entered in this case.

*Id.*

*Palmer* explained the statutory limits that section 211.321 places on courts when ordering juvenile records released for use in presentence investigations and explained that section 211.321 confines release of the content of Missouri juvenile records to offenses enumerated in the statute.[3] *Id.* Chapter 211 of Missouri's statutes governs Missouri juvenile courts. Section 211.321 governs Missouri's juvenile court records, the confidentiality of those records, and exceptions to Missouri's general policy of confidentiality. While section 211.321.1, in fact, mandates that specified offenses "shall be included in the presentence report," it does not otherwise govern sentencing assessment reports or control their content; sentencing assessment reports are governed by section 217.760, RSMo Cum.Supp.2011. Section 217.760.2 provides in relevant part:

The report of the presentence investigation or preparole investigation shall contain any prior criminal record of the defendant and such information about

his or her characteristics, his or her financial condition, his or her social history, [and] the circumstances affecting his or her behavior as may be helpful in imposing sentence. . . .

Thus, when a probation and parole officer completes a presentence investigation, as mandated by section 557.026, and reports the defendant's criminal history, as mandated by section 217.760, the officer's report should include all Missouri juvenile offenses enumerated in section 211.321.1 and any additional crimes uncovered through a nationwide criminal background check. Mason asks us to find that Missouri prohibits reference, in such reports, to out of state juvenile crimes if those crimes are not listed in section 211.321. Mason argues that the purpose of Missouri's juvenile code is to protect *"all juveniles and their records"* and that section 211.321 extends to the records of other states. We disagree.

Missouri's policy with regard to the official release of juvenile records may differ from the policies of other states. For example, the state of Kansas provides that, except under given circumstances, "all records of law enforcement officers and agencies and municipal courts concerning a public offense committed or alleged to have been committed by a juvenile under 14 years of age shall be kept readily distinguishable from criminal and other records and shall not be disclosed. . . ." KAN. STAT. ANN. § 38–1608(a) (2007). However, "[a]ll records of law enforcement officers and agencies and municipal courts concerning a public offense committed or alleged to have been committed by a juve-

---

**3.** Because we conclude that section 211.321.1 does not prohibit the inclusion in a presentence report of juvenile offenses committed in other states, we have not analyzed, and reach no conclusion about, whether section 211.321.1 permits a court to order the inclu-

sion in a presentence report of juvenile crimes beyond those delineated offenses custodians of juvenile records are permitted to disclose without a court order—the issue presented in *State ex rel Palmer v. Keet,* 627 S.W.2d 928 (Mo.App.1982).

**187**

nile 14 or more years of age shall be subject to the same disclosure restrictions as the records of adults." KAN. STAT. ANN. § 38–1608(c) (2007). Similarly, the definition of "juvenile" may also differ from state to state. While the age for adult criminal responsibility is seventeen in Missouri, the corresponding age in New York is sixteen.[4] § 211.021.1(1) RSMo Cum.Supp.2011; N.Y. PENAL LAW § Article 30 (2011). Thus, it is quite possible that a host of crimes that will not appear on a criminal background check if committed in Missouri at age sixteen or younger, will appear if committed in a state with different laws regarding juvenile status and disclosure of juvenile records.

We find nothing within Missouri law that prohibits, at sentencing, reference to out of state criminal acts, records or judicial proceedings. We find no merit in Mason's contention that section 211.321 governs sentencing assessment reports beyond mandating what Missouri juvenile records must be disclosed for purposes of presentence investigations and simultaneously limiting disclosure of those Missouri records to specified offenses. If other states choose to publicize juvenile crimes, we find nothing to suggest that when an officer reports a defendant's criminal history, the officer is prohibited from reporting juvenile criminal histories divulged by sister states. We, therefore, conclude that the court did not err in overruling Mason's Rule 24.035 motion be-

cause section 211.321 governs the mandated disclosure of specified Missouri juvenile records and does not otherwise govern what may be included in sentencing assessment reports.[5] Section 211.321 does not prohibit Mason's prior California offense of Lewd and Lascivious Acts With a Child Under 14 from appearing in Mason's sentencing assessment report.

■ Additionally, we note that even if we were to determine that inclusion of Mason's prior California juvenile offense within the sentencing assessment report was improper, "the improper admission of evidence requires reversal only if the error was prejudicial." *Martin v. State*, 291 S.W.3d 846, 851 (Mo.App.2009). "[T]he evidentiary requirements of a sentencing proceeding do not mirror those of a criminal trial." *Id.* at 849. " 'In the context of the sentencing phase ... evidence and argument which are not permissible in the guilt phase ... including general references to defendant's prior criminal record, are both highly relevant and permissible....' " *Id.* (quoting *State v. McMillin*, 783 S.W.2d 82, 96 (Mo. banc 1990)).[6] " 'A wide range of evidence is admissible in the penalty phase, including victim impact evidence, the nature and circumstances of the offense, and the history and character of the defendant.' " *Id.* (quoting *State v. Berry*, 168 S.W.3d 527, 536 (Mo.App. 2005)). Further, "[w]here the proceeding is before a judge, rather than a jury, we

---

**4.** While age seventeen is the general age for criminal responsibility in Missouri, we recognize that juveniles may be tried as adults for serious offenses if appropriate. *See* 211.071, RSMo Cum.Supp.2011.

**5.** We note that section 211.321 governs State, agency and court disclosure of juvenile records. Nothing within the statute suggests that disclosure by the defendant, defendant's victims, or other sources, of Missouri juvenile

offenses not enumerated in section 211.321, is prohibited from reference at sentencing or in sentencing assessment reports.

**6.** *McMillin* rejected the claim that personal conclusions of probation officers in sentencing assessment reports are prejudicial. *McMillin* was abrogated on other grounds by *Morgan v. Illinois*, 504 U.S. 719, 725 n. 4, 112 S.Ct. 2222, 119 L.Ed.2d 492 (1992).

presume that inadmissible evidence is not prejudicial." *Id.* at 851.

■ Here, Mason's sentencing hearing was held after a guilty plea, and his sentence was imposed by a judge. At sentencing, in addition to Mason's California offense of "Lewd and Lascivious Acts With a Child," the court heard that Mason admittedly sodomized a six-year-old child and allegedly forcibly sodomized a man in jail while awaiting sentencing on that crime. The court also heard that Mason allegedly sexually abused a two-year-old child. While the court referenced Mason's California offense during sentencing, that offense was not all the court relied on in imposing sentence. The court stated:

> My concern with you, Mr. Mason, is the fact that you committed this crime upon this child. That you have, at least in the past, had similar—or a lewd and lascivious charge in the State of California. There are some other allegations. I don't know if they're true or not, but there's other allegations out there. And I believe that you do present a danger to folks when you're out and about.... [The victim's mother] indicated that her daughter feels like there's nothing that can be done to make her normal again, and that's right, I don't know what we could do. But the one thing I can do is try and sentence you such that she will have the assurance that she will never have to run into you again.

Thus, the presence of Mason's California juvenile offense in his sentencing assessment report, had we deemed it error, would not compel us to rebut the presumption that where the proceeding is before a judge, inadmissible evidence is not prejudicial. We are not inclined, after review of the record, to conclude that "but for" that information, a lesser sentence would have been imposed. Point one is denied.

■ As point one is dispositive, we need not address Mason's second and third points of prosecutorial misconduct and ineffective counsel. We note, however, that criminal proceedings are by nature adversarial and sentencing is a critical part of the adversarial process. Consequently, legal representation is guaranteed to criminal defendants in all critical stages of his or her proceedings. *State v. Murillo*, 149 S.W.3d 930, 931 (Mo.App.2004); *See also* U.S. Const. amend XI and MO. CONST. art. I, § 18(a). As noted in our discussion of point one, a wide range of information regarding the defendant is considered relevant for sentencing. *Martin*, 291 S.W.3d at 849. The prosecution will not be deemed to have engaged in misconduct for merely fulfilling his or her adversarial duty, just as trial counsel will not be deemed ineffective for failing to make a non-meritorious objection. *See Zink v. State*, 278 S.W.3d 170, 188 (Mo. banc 2009).

We, therefore, conclude that the trial court did not err in overruling Mason's Rule 24.035 motion because section 211.321 governs the mandated disclosure of specified Missouri juvenile crimes for purposes of presentence investigations and does not otherwise limit the content of sentencing assessment reports. The sentencing assessment report's reference to Mason's California juvenile offense of "Lewd and Lascivious Acts With A Child Under 14" was not prohibited by section 211.321. The judgment of the circuit court is affirmed.

All concur.