## THE BOARD OF COMMISSIONERS OF RICE COUNTY v. BLACKMAN E. LAWRENCE.

JUDGMENT *Against Person in Penitentiary, Revoked.* Pending a civil action against a defendant, and prior to the trial thereof, he was imprisoned in the penitentiary under a sentence and conviction for embezzlement for a term less than his natural life, and while thus imprisoned, without the appointment of a trustee to manage his estate or defend the action, a judgment was obtained against him. *Held,* That the judgment is a nullity, and might be revoked or set aside upon proper proceedings had before the court rendering the same.

### *Error from Reno District Court.*

FEBRUARY 4, 1882, a certain judgment which had theretofore been rendered against defendant *Lawrence,* was by the district court set aside as being void. Of this proceeding the plaintiff *Board of Commissioners of Rice County* complains, and brings it here for review. The facts appear in the opinion.

*A. J. Abbott,* and *J. W. White,* for plaintiff in error.

*A. M. Lasley,* and *Bailey & Brinckerhoof,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: This action was commenced on the 25th of November, 1876, by the commissioners of Rice county, in the district court of that county, against the defendant, Blackman E. Lawrence, county treasurer, and the sureties upon his official bond. The petition set forth, among other things, that the defendant, as county treasurer of Rice county, collected $20,000, which he neglected and refused to render a just and true account of, and which he neglected and refused to pay over, although duly demanded of him by the proper authorities. Issue was joined upon the petition by all the parties, the defendants filing an answer containing a general denial. In June, 1877, by agreement, a change of venue was

had in the case to Reno county; trial was had to the court and a jury, but the jury failed to agree. On February 5th, 1878, Lawrence being present in person and by his attorneys, it was ordered by the court that the issues in the action be referred to a referee; in compliance with this order and the appointment of the court, one A. R. Scheble qualified and proceeded to take and hear the evidence in the case; his report as referee was confirmed on the 15th day of April, 1878, and judgment rendered for $14,293.17 against Lawrence only; on the 5th day of June following, execution was issued upon the judgment, and on August 3 thereafter, certain personal property and real estate belonging to the defendant were sold upon the execution; on April 8, 1879, the sale of the real estate was confirmed. On June 20, 1876, and while the civil action was pending against him, but before the issues in that case had been referred to a referee, Lawrence was informed against in the district court of Rice county, upon the criminal charge of having embezzled large sums of money while acting as treasurer of that county; on August 21, 1877, the case was transferred for trial to Reno county, on a change of venue; on February 5, 1878, (being the same day of the reference of the civil action,) he was sentenced for embezzlement to the state penitentiary for the term of three years; he was confined in the penitentiary under this sentence until the month of June, 1880, when he was released upon a pardon from the governor. On February 4, 1882, he filed his motion to set aside the judgment rendered in the civil action against him on the 15th day of April, 1878, as being void, because while the action was pending against him, he had been convicted of a penitentiary offense, had been imprisoned under his sentence when the judgment was obtained, and no trustee was appointed to manage his estate or defend the action. The facts in the case were agreed to in writing by the parties, and thereon by stipulation the validity of the judgment was tried upon the motion. The motion was sustained, and the judgment set aside as being void. This ruling is complained of, and the question arises whether, under the

statute, the conviction and sentence to the state penitentiary of a party defendant, pending the action against him and prior to the hearing or trial thereof, abate the action.

Sec. 338, ch. 82, Comp. Laws 1879, reads:

"Whenever any person shall be imprisoned in the penitentiary for a term less than his natural life, a trustee, to take charge of and manage his estate, may be appointed by the probate court of the county in which said convict last resided; or, if he have no known place of abode, then by the court of the county in which the conviction was had, on the application of any of his relatives, or any relative of his wife, or any creditor."

Sec. 343 of said chapter 82, is:

"Such trustee may sue for and recover, in his own name, any of the estate, property or effects belonging to, and all debts and sums of money due or to become due to such imprisoned convict, and may prosecute and defend all actions commenced by or against such convict."

Under these and the other sections of the article relating to the custody and management of the estates of convicts, we think that the service of a summons upon a defendant, while imprisoned in the penitentiary for a term of years — excepting in a single instance hereafter noticed — must be treated as void, and that the conviction, sentence and imprisonment of the defendant in the state penitentiary, pending the action against him prior to the hearing or trial thereof, must abate the action; at least, a judgment rendered in such a case may be treated as a nullity and set aside by the court rendering it, upon proper proceedings had. (Comp. Laws 1879, art. 17, 770–773.) Of course, if a trustee is appointed under the statute, he may contest an action already commenced against the convict, and the judgment thus rendered would be valid in all respects. The provisions of said article 17 prescribe the remedy to be pursued by the court, when the civil rights of the debtor are suspended by imprisonment in the penitentiary under sentence for life, or for a term of years less than life, and these provisions, in the nature of things, are and ought to be exclusive, not merely cumulative. In-

extricable confusion would follow, if one creditor proceeded personally against the convict after he is imprisoned, and another against a trustee, appointed upon his application. Not only would the proceedings to collect the judgments be liable to conflict, but, moreover, the object of the statute would be nullified. After a debtor is imprisoned under the law, he is in no condition to appear to defend a civil action pending against him; he is in no condition to consult or advise with witnesses or counsel concerning the defense of the action; nor is he in any condition to employ counsel, or continue the services of counsel previously engaged. The conviction, sentence and imprisonment of the defendant suspended his civil rights, and also suspended his creditors' rights to bring actions against him. After his imprisonment, a trustee might have been appointed, upon the application of plaintiff or any other creditor, to take charge of and manage his estate; but no valid judgment could be rendered after his imprisonment, without the appointment of a trustee.

We are referred by counsel to the case of *Davis v. Duffey.* 8 Bosw. 617, as an authority sustaining the doctrine that process for the commencement of an action against a convict may be served upon him in prison, and that conviction and sentence of a convict to prison do not abate an action pending against him. That decision comes from an inferior court, and is made upon the provisions of a statute of New York, which is not before us and which we have been unable to examine; but the reading of that decision shows that it is in conflict with the opinion of the trial judge, Mr. Justice Hoffman, and also in conflict with *Davis v. Erhardt,* decided at a prior general term held by Justices Duer, Campbell, and Slosson.

Further, it was decided in *O'Brien v. Hagan,* 1 Duer, 664, that when the plaintiff or defendant in a civil action is sentenced to imprisonment in the state prison, although only for a term of years, the suit is abated.

Again, our attention is called to § 639 of the civil code,

11 — 29 KAS.

empowering a district court to grant a divorce where either of the parties has been convicted of a felony and imprisoned in the penitentiary therefor subsequent to the marriage. Upon this, counsel contend that the statute recognizes that process for the commencement of an action against a convict may be served after imprisonment. Granted; but this is an exception specially provided for by the statute, and therefore does not militate against the construction given by us to the statute regarding the estates of convicts. In an action for divorce, for such a cause the conviction and imprisonment are the material facts to be proved, and there are manifest and manifold reasons, which will naturally occur to any one upon consideration, why the service in a divorce proceeding founded upon the conviction and imprisonment of the defendant ought to be excepted from the general rule forbidding the service of process upon a defendant in prison.

Counsel further insist, that as a jurisdiction was rightfully obtained in the first instance over the defendant, that the judgment rendered was good, notwithstanding his conviction, sentence and imprisonment, and then assert the law to be that if jurisdiction be obtained over the defendant in his lifetime, a judgment rendered against him subsequent to his death is not void, thereby intending to make the application that as the defendant was properly served with the process in the first instance, the judgment was not a nullity. If counsel intend to assert that the judgment obtained in an action which is commenced against a party in his lifetime is valid and binding, notwithstanding the death of the party before the hearing or trial, we do not assent. "In some cases after jurisdiction has been obtained, and some particular proceeding has been commenced before the death of either party, such particular proceeding may be carried on to completion after the death of one or both of the parties, the whole thing relating back to the time of the commencement of the proceeding. This is illustrated by the sale of property on execution after the death of one of the parties where the property was levied on under such execution before such death. Also

in some cases where the proceeding is a mere formal matter, like the rendering of a judgment after death on a verdict found before death, the proceeding may be had after such death; but even these cases have their exceptions and limitations." (*Green v. McMurtry*, 20 Kas. 189.) Even the authorities cited by counsel do not sustain his position so far as applied to the facts of this case. In *Collins v. Mitchell*, 5 Fla. 364, it was said:

"The death of a party before the judgment rendered does not make the judgment void, but it is error of fact for which the same may be recalled or revoked by writ of error r eturnable in the same court where the record remains, called a writ of *error coram vobis*, or *quæ coram vobis resident*, for error in fact is not error of the judges, and reversing it is not reversing their own judgment."

In *Loring v. Folger*, 7 Gray, 505, the question was whether the judgment was to be treated as wholly void or merely voidable upon a writ of error, and it was held that the judgment was a nullity, and might be avoided by the administrator without a writ of error. In *Coleman v. McAnnulty*, 16 Mo. 173, it was decided that plaintiff's death did not render the judgment void, but only voidable. In *Yaple v. Titus*, 41 Pa. St. 195, the judgment was rendered against a person after his death, and it was held that it was reversible if the fact and time of death appear in the record, and by writ *coram vobis* if the fact had to be shown *aliunde*. To the same effect are most of the cases cited by counsel. On the other hand, many authorities hold that the judgment rendered against a dead person is absolutely void. Thus in *Carter v. Carriger*, 3 Yerg. 411, it is said: "That no proposition of law is more clear than this: that a judgment rendered against a dead man is an absolute nullity. The object of all law is the living man — not the dead body." In *Elwald v. Corbitt*, 32 Cal. 493, it was held, that owing to the death of the defendant, the judgment was null and void. See *Norton v. Jamison*, 23 La. 102; *McCulloch v. Norwood*, 58 N. Y. 562; *Sturgis v. Vanderbilt*, 73 N. Y. 384.

In the case at bar it is unnecessary for us to decide whether

the judgment rendered against the defendant was void, or merely voidable. To all intents and purposes, by the written stipulation of the parties, the proceedings had before the district court were in the nature of a writ of *coram vobis*, and under the decisions cited, the latter court properly recalled or revoked the judgment rendered while the defendant was in the penitentiary, even if the judgment were voidable only.

The order and judgment of the district court will be affirmed.

All th Justices concurring.