James Ralph MURPHY, Respondent,

v.

**PEMISCOT COUNTY, a political subdivision of the State of Missouri, Appellant.**

No. 63571.

Supreme Court of Missouri, En Banc.

Aug. 31, 1982.

As Modified Sept. 21, 1982.

John Ashcroft, Atty. Gen., Patricia D. Perkins, Asst. Atty. Gen., Jefferson City, Michael B. Hazel, Pros. Atty., Pemiscot County, Caruthersville, for appellant.

James E. Reeves, Caruthersville, for respondent.

HIGGINS, Judge.

Pemiscot County appeals a trial court judgment which awarded additional compensation plus interest to James Murphy, the recorder of deeds of that county. The trial court judgment was based on construction of § 59.606 RSMo 1978. Appellant asserts the trial court erred in holding § 59.-606 valid subsequent to the effective date of § 50.334 RSMo 1978. Reversed.

James Murphy was elected to a four year term as Recorder of Deeds for Pemiscot County beginning January 1, 1979. Pemis-

cot County is a third class county in which the offices of clerk of the circuit court and recorder of deeds are separate. Mr. Murphy requested extra compensation pursuant to § 59.606 RSMo 1978. The county refused to pay this compensation relying on § 50.334 RSMo 1978. Murphy subsequently filed suit; the trial court awarded additional compensation in the amount of $3700 per year as authorized by § 59.606; Pemiscot County appeals to this Court with construction of a statute of this state in question. Mo. Const. art. V, § 3.

The confusion surrounding these statutes is understandable. In 1978, the legislature passed two versions of § 50.334. The version enacted as A.L. 1978 H.B. 1121–1257 contains a provision purportedly repealing § 59.606. The other version, enacted as A.L. 1978 H.B. 1634, does not contain this provision. Both versions specifically state the annual salary reflected in their compensation schedules is to be the "total compensation" received by the recorder of deeds. The compensation schedules set out in the two versions of § 50.334 differ drastically. The schedule in H.B. 1634 reflects the schedule provided in repealed § 50.334 RSMo Supp. 1975. The schedule set out in H.B. 1121–1257 reflects significant increases in compensation. House Bill 1121–1257 was approved on June 12, 1978, and had an effective date of December 31, 1978. House Bill 1634 was approved on June 15, 1978, and had an effective date of January 2, 1979.

Pemiscot County contends H.B. 1121–1257 effectively repeals § 59.606; that subsection 2 of H.B. 1121–1257 could not be severed from the act without ignoring legislative intent; and H.B. 1121–1257 repeals § 59.606 by implication.

The issue is which version of § 50.334 should be given effect. "The primary rule of statutory construction is to ascertain the intent of the legislature from the language used to give effect to that intent if possible, and to consider words used in the statute in their plain and ordinary meaning." *City of Willow Springs v. Missouri State Librarian,* 596 S.W.2d 441, 445 (Mo. banc 1980); *State*

*v. Kraus,* 530 S.W.2d 684, 685 (Mo. banc 1975).

■ In this case the two versions of § 50.334 are irreconcilable. By examining the text of the bills and the intent of the legislature, it becomes clear, however, that § 50.334 as reflected in H.B. 1121–1257 should be given effect, and the subsequent enactment reflected in H.B. 1634 should be disregarded. It may be presumed that action by the legislature is intended to have some substantive effect. *See Clair v. Whittaker,* 557 S.W.2d 236, 240 (Mo. banc 1977). It is unlikely that the legislature would enact a bill then three days later pass another rendering the first meaningless. The intent of the legislature in passing H.B. 1121–1257 was to increase the salaries of recorders of deeds. This intent is apparent by a plain reading of the act. Further support of this interpretation is found in the remarks of Senator Frappier recorded in the Senate Journal. 1978 S. Jour. vol. II, p. 1327. Senator Frappier states the act "increases compensation of . . . recorders of deeds . . . ." *Id.* at 1327. Additionally, this interpretation of the legislature's intent in this matter is supported by the recent enactment of S.B. 478 which sets out a pay schedule identical to that of H.B. 1121–1257. Passage of this bill is an attempt by the legislature to answer this problem. Such support has been used by lower courts in determining legislative intent. *See State ex rel. Whittaker v. Webber,* 605 S.W.2d 179, 182 (Mo. App. 1980).

■ The rule in *Pogue v. Swink,* 364 Mo. 306, 261 S.W.2d 40 (1953) that an act covering the entire subject matter of a prior act supercedes the prior act, is not applicable in this case. That rule requires a manifest "legislative intent that the later act prescribe[s] the law with respect to the subject matter." *Id.* 261 S.W.2d at 43. The legislative intent set out in H.B. 1634 indicates the opposite. Section B, subsection 8 of H.B. 1634 recites:

In the event of the passage of an act at the Second Regular Session of the 79th General Assembly which provides for an increase or decrease in the amount of

compensation to be paid to an official whose salary is specified in sections contained within this act, the amount of such increased or decreased compensation provided in any such separate enactment shall be effective from and after January 2, 1979, notwithstanding the provisions of this act.

House Bill 1121–1257 was passed during the Second Regular Session of the 79th General Assembly. Clearly the legislature intended the pay scale set out in H.B. 1121–1257 be given effect over that reflected in H.B. 1634.[1]

■ The remaining issue is whether the language of H.B. 1121–1257 effectively repeals § 59.606. Respondent emphasizes that the title of H.B. 1121–1257 does not refer to repeal of § 59.606, thereby violating art. III, § 23 of the Missouri Constitution. This section ensures interested persons are given notice of the intent and purpose of a proposed bill to prevent deception through use of misleading titles. *Union Electric Co. v. Kirkpatrick*, 606 S.W.2d 658, 660 (Mo. banc 1980). A title generally setting out the contents of an act complies with the constitution. *See id.* at 660; *State ex rel. Atkinson v. Planned Industrial Expansion Authority of St. Louis*, 517 S.W.2d 36, 42 (Mo. banc 1975); *Dorris Motor Car Co. v. Colburn*, 307 Mo. 137, 270 S.W. 339, 344 (Mo. banc 1925); 1A C. Sands, Sutherland Statutory Construction § 18.07 (4th ed. 1972). The title of H.B. 1121–1257 states that it is an act relating to compensation of certain local officials. "[W]here the statute and its repealing clause are captioned by a title covering the general subject matter, but which makes no reference to the fact that the statute contains a repealing provision, both the positive and repealing provisions will be sustained if they are both germane to the general subject matter."

1A C. Sands, Sutherland Statutory Construction § 23.04 (4th ed. 1972). Thus, where reference to repeal of a section appears in the title of a bill but not in the body or enacting clause, the repeal will be ineffective. *See State ex rel. Cooper v. Randall*, 630 S.W.2d 216, 217 (Mo. App. 1982). The failure of the legislature to list § 59.606 in the title or enacting clause does not affect the validity of the repeal.

■ Does the language in the body of the act constitute a repeal of § 59.606?

In construing H.B. 1121–1257, it is necessary to consider the language used in its plain and ordinary meaning. *City of Willow Springs*, 596 S.W.2d at 445. Significance and effect must be given every word, phrase, sentence or part thereof, if possible. *Ross v. Conco Quarry, Inc.*, 543 S.W.2d 568 (Mo. App. 1976).

The language used in H.B. 1121–1257 states the compensation provided shall be the total salary of recorders of deeds. Subsection 2 of that act recites: "The repeal of § 59.606 and the repeal and reenactment of section 50.334 shall be effective Dec. 31, 1978." Under the rules of construction set out above it is clear that H.B. 1121–1257 specifically repeals § 59.606. The express intent of the legislature supports this construction. "The amendment, as it was adopted, not only increases compensation ... but in addition ... does away with additional duty compensation for clerks and recorders of deeds." Remarks of Senator Frappier, 1978 S. Jour. vol. II, p. 1327. As noted earlier, additional support is also found in the legislature's recent enactment of S.B. 478 which eliminates any confusion surrounding § 50.334 and specifically repeals § 59.606. *See Webber*, 605 S.W.2d at 182.

1. The compensation schedule in H.B. 1634 is identical to the old compensation schedule in § 50.334, RSMo Supp. 1975. Under this schedule Mr. Murphy would receive a base salary of $8,825. In addition, § 59.606 provided an additional salary of $3,700, for a total salary of $12,525. House Bill 1121–1257 changed the base salary of Mr. Murphy to $15,593.25. Rather than to concede that H.B. 1121–1257 increases the base salary so that the additional salary provided by § 59.606 ($3,700) could be eliminated, Mr. Murphy contends he is entitled to the increased base salary of $15,593.25 and the additional salary of $3,700—a total salary of $19,293.25. This contention, which results in a 55% salary increase, ignores the clear intent of the legislature.

Section 59.606 was effectively repealed by H.B. 1121–1257. The judgment is reversed.

All concur.