Dear Senator Snowden:
This opinion is in response to your request for an official opinion on the following question:
 Can a podiatrist perform surgery when a general anesthetic has been administered?
Section 330.010.2, RSMo 1978, provides in pertinent part:
 The definitions of the words "chiropodist" and "podiatrist", or "physician of the foot", shall for the purpose of this section be held to be the diagnosis, medical, physical, or surgical treatment of the ailments of the human foot, with the exception of administration of general anesthetics, or amputation of the foot and with the further exception that the definitions shall not apply to surgery on children under the age of one year. The use of such drugs and medicines in the treatment of ailments of the human foot shall not include the treatment of any systemic diseases. [Emphasis added.]
Section 330.010.2, RSMo 1969, before its amendment in 1976 provided as follows:
 The definitions of the words "chiropody" and "podiatry" shall be synonymous and interchangeable and, for the purpose of this chapter, be held to be the local, medical, mechanical or surgical treatments of the ailments of the human foot, and massage in connection therewith. It shall not include amputation of the foot and toes or the use of anesthetics other than local. The use of drugs or medicines shall be limited to the prescription or administration of analgesics, antipyretics, sedatives, fungicides and antibacterials only when specifically indicated for the treatment of ailments of the human foot. The use of such drugs and medicines in the treatment of ailments of the human foot shall not include the treatment of any systemic diseases.
Clearly, the addition of the phrase "with the exception of administration of general anesthetics . . ." has the purpose of prohibiting a podiatrist from administering general anesthetic. We find no statutory language which prohibits a podiatrist from performing surgery on the foot of a patient to whom general anesthesia has been administered by a person authorized to administer such anesthesia. The effect of the amendment to Section 330.010.2 is to limit the exception to the administration of general anesthetics.
The rules of statutory interpretation provide that "[i]t may be presumed that action by the legislature is intended to have some substantive effect", Murphy v. Pemiscot County, 639 S.W.2d 384,385 (Mo. banc 1982), and that "[t]he legislature will not be charged with having done a meaningless act." State ex rel.Thompson-Stearns-Roger v. Schaffner, 489 S.W.2d 207, 212 (Mo. 1973).
Therefore, it is our view that although a podiatrist may not administer a general anesthetic he may perform surgical treatment of the ailments of the human foot when a general anesthetic has been administered by a person licensed to administer anesthesia.
CONCLUSION
It is the opinion of this office that a chiropodist, podiatrist or physician of the foot, under Section 330.010.2, RSMo 1978, may perform surgical treatment of the ailments of the human foot when a general anesthetic has been administered by a person licensed to administer anesthetics.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Margaret Keate.
Very truly yours,
 JOHN ASHCROFT Attorney General