**Dale SCHRADER, Plaintiff–Respondent,**

v.

**Doris SUMMERVILLE,
Defendant–Appellant.**

No. 54902.

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 17, 1989.

Helton Reed, Jr., St. Louis, for defendant-appellant.

Joseph P. Summer, Carol T. Clark, St. Louis, for plaintiff-respondent.

REINHARD, Judge.

Defendant appeals from the trial court's judgment denying her petition to quash the execution levied upon her interest in realty. We reverse.

Plaintiff filed a petition in conversion and trespass to chattels alleging defendant had wrongfully appropriated his farm truck and grain box. Defendant was served with process while an inmate in a Missouri state correctional facility. No responsive pleading was filed. Plaintiff dismissed the conversion count without prejudice. The court entered a default judgment in the amount of $8,439 actual and $15,000 punitive damages on the trespass count. Plaintiff executed on the judgment and the sheriff levied on defendant's interest in a subdivision lot. Defendant applied to quash the execution raising the facts of her incarceration and that no trustee had been appointed pursuant to § 460.010, RSMo 1986.

The ruling on a petition to quash execution is appealable. *In re Marriage of Haggard*, 585 S.W.2d 480, 481 (Mo. banc 1979).

Here plaintiff admits defendant was an incarcerated convict when personally served with process and that no trustee was appointed pursuant to § 460.010, RSMo 1986. The statutes in Chapter 460 permit the appointment of a trustee to protect the property of a convict while he is imprisoned. §§ 460.010–460.250, RSMo 1986.

Section 460.010, RSMo 1986, provides:

Whenever any person shall be imprisoned in the penitentiary, a trustee, to take charge of and manage his estate, may be appointed by the circuit court of the county in which such convict last resided; or if he has [sic] no place of residence, then by the circuit court of the county in which the conviction was had, on the application of the wife of the convict, or any of her relatives, or any relative of the convict, or any creditor of such convict.

Plaintiff suggests that the above statute was repealed by implication when the legislature repealed the civil death statute, § 222.010, RSMo 1969. Alternatively, he argues § 460.010, RSMo 1986, does not require the appointment of a trustee in every case where the judgment would affect the property of an incarcerated convict and that this is such a case.

In *McLaughlin v. McLaughlin*, 228 Mo. 635, 129 S.W. 21 (1910), our Supreme Court, interpreting essentially the same statute, held that although the statute appeared permissive on its face, it was actually mandatory and unless a trustee was appointed, the judgment was void to the extent it affected the convict's property. This interpretation was recently upheld in *American Family Mutual Insurance Company v. Mason*, 702 S.W.2d 848 (Mo. App.1986).

Plaintiff relies on two federal cases, *McCurry v. Allen*, 688 F.2d 581 (8th Cir. 1982) and *Thompson v. Bond*, 421 F.Supp.

878 (W.D.Mo.1976), to support his contention § 460.010, RSMo 1986, has been repealed by implication. The Western District rejected this contention in *Mason.*

While the language of § 460.010, RSMo 1986, uses the term "may" rather than "shall" when referring to the appointment of a trustee, *McLaughlin* and *Mason* would appear to require the appointment to be mandatory. We would not sweep with so broad a brush. We believe that under the circumstances here, where the summons and sheriff's return show on their face that defendant was incarcerated in the Chillicothe Correction Center in Chillicothe, Missouri when served with process, she filed no responsive pleadings, and she did not waive her disability, a trustee should have been appointed; therefore the default judgment entered below is void. The court erred in denying defendant's petition to quash execution.[1]

JUDGMENT REVERSED.

CRANDALL, P.J., and CRIST, J., concur.

---

**1.** The judge granting the default judgment was not the same judge who denied the petition to quash execution. The latter judge should not be faulted in light of the manner in which the issue was presented to him.