In re Arthur A. **BLUMEYER,**
**III, Debtor.**

Arthur A. **Blumeyer, III, Plaintiff,**

v.

David **Sosne, Defendant.**

**Bankruptcy No. 98–43254–172.**
**Adversary No. 00–4207–172.**

United States Bankruptcy Court,
E.D. Missouri,
Eastern Division.

Aug. 4, 2003.

Arthur A. Blumeyer, III, Forrest City, AR, pro se.

Peter Lumaghi, Office of U.S. Trustee, St. Louis, MO, Assistant U.S. Trustee.

Christopher J. Rausch, Blackwell & Associates, O'Fallon, MO, Timothy P. O'Mara, Bartley, Goffstein, et al., St. Louis, MO, for David A. Sosne, Chapter 7 Trustee.

## MEMORANDUM

JAMES J. BARTA, Chief Judge.

The Complaint filed by Arthur A. Blumeyer, III ("Debtor" or "Plaintiff") in this matter requested a determination of the authority of the Chapter 7 Trustee, David A. Sosne ("Trustee") in this case in light of the appointment of a State Trustee pursuant to Missouri law. The Plaintiff subsequently filed a motion to compel turnover of all assets to the State Trustee. The Chapter 7 Trustee/Defendant filed a motion to dismiss, to which the Debtor/Plaintiff filed a response and motion for judgment on the pleadings. The matter has been continued from time to time so that identical or similar issues may be addressed together.

The question of the authority of the State Trustee has been resolved in the main Bankruptcy file by the Court's determinations in an Order dated August 4, 2003. To the extent the issues raised in this matter have been addressed and determined elsewhere, they are included in this Memorandum. By a separate Order, judgment will be entered against the Debtor/Plaintiff.

In a separate proceeding, the State Trustee challenged the jurisdiction of the Bankruptcy Court in this case on the basis of his prepetition appointment as a Chapter 460 Trustee for the Debtor by the Circuit Court of Cole County Missouri. In several previous motions and pleadings, the Debtor had raised the question of his ability to be a debtor under Title 11 alleging that the prepetition appointment of the Statutory Trustee divested the Debtor of

control of his assets and thus deprived this Court of jurisdiction. (See Motion 207 denied by Order at File Document No. 265, Motion 275 denied by Order at File Document No. 282, Notice of Appeal to 8th Cir. B.A.P. at File Document 286 and copy of Order from B.A.P. granting Debtor's request to dismiss the appeal at File Document No. 299, and Motion 306 denied by Order at File Document No. 309).

The State Trustee's memorandum echoed many of the Debtor's previous arguments as to the inability of the Debtor to file a bankruptcy case, the conflict of authority and control over the Debtor's estate between the State Trustee appointed by the Circuit Court of Cole County Missouri and the Chapter 7 Trustee appointed by the United States Trustee to serve in this bankruptcy case, and the lack of the Bankruptcy Court's jurisdiction over assets of the Debtor. The State Trustee stated that he "does not intend to enter his appearance as a party in any proceedings now pending before this Court, nor does he intend that [the] Court should treat the Statutory [State] Trustee as having consented to any action previously taken in or by [the] Court relating to the purported assets of Mr. Blumeyer."

This is a core proceeding pursuant to Section 157(b)(2)(A) of Title 28 of the United States Code. The Court has jurisdiction over the parties and this matter pursuant to 28 U.S.C. Sections 151, 157 and 1334, and Rule 81–9.01 of the Local Rules of the United States District Court for the Eastern District of Missouri.

The intertwined issues of the ability of an incarcerated person to file a bankruptcy petition after a Chapter 460 Trustee has been appointed, the jurisdiction of the bankruptcy court over the assets of such inmate, and the extent of a Chapter 460 Trustee's control over the inmate's assets are matters of first impression for the Bankruptcy Court.

As explained below, the Court finds and concludes that the statutes contained in Chapter 460 do not serve to vest control of the assets of an incarcerated person in a Chapter 460 Trustee. Unless the State Circuit Court expands and defines the scope of the appointed trustee's power and duties based on other statutes, the incarcerated person retains control of his or her assets and is under no disability under federal law to file a bankruptcy petition. In the matter before the Court, no other basis was presented to support the contention that the Debtor's State Trustee was vested with control of the Debtor's assets prior to the commencement of this case, or that the Debtor was under any legal disability to file and prosecute this bankruptcy case. Therefore, this Court has jurisdiction to hear and determine matters in this bankruptcy case.

■■■ The United States Supreme Court has held that "[p]roperty interests are created and defined by state law". See *Butner v. United States*, 440 U.S. 48, 55, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979). Absent one of the limiting factors listed in the provisions as to who may be a debtor, it is presumed that an individual may be a debtor and seek the relief the Bankruptcy Code provides. See 11 U.S.C. § 109, Fed. R. Bankr.P. 7017, 9010. In general, state law determines who has the authority to file a bankruptcy petition on behalf of another. *In re Kjellsen (Wieczorek v. Woldt)*, 53 F.3d 944, 946 (8th Cir. 1995), *Keenihan v. Heritage Press, Inc.*, 19 F.3d 1255, 1258 (8th Cir.1994). These cases are instructive in determining the extent of control vested by statute in a court appointed representative. Bankruptcy courts look to the state law under which the trustee, guardian, or conservator was appointed to determine whether the

protected person was adjudged incompetent or disabled to handle his or her affairs; whether the statute vested the representative with sufficient control over the protected person's assets to permit the representative to file on behalf of the protected person; and whether the statute required the representative to obtain court authorization to file a bankruptcy petition. See *Kjellsen,* 53 F.3d at 946, *In re King,* 234 B.R. 515, 517 (Bankr.N.M.1999), *In re Smith,* 115 B.R. 84, 85 (Bankr.E.D.Va. 1990), *In re Kirschner,* 46 B.R. 583, 584 n. 1 (Bankr.E.D.N.Y.1985). Absent clear authority that a court appointed representative is empowered by statute to act on behalf of another, the better practice is for the Court to presume an individual may file a petition under Title 11 in his or her own behalf.

In the Order of the Circuit Court of Cole County Missouri in Case No. CV190–1148CC dated January 29, 1998, the court granted the request of Arthur A. Blumeyer III, an Intervenor in the state court case and an inmate in the Federal Correctional Institution in Greenville, Illinois [1], for the appointment of a trustee. The Order stated that the State Trustee was to serve "under the provisions of 460.100 and 460.250 RSMo". See File Document No. 207, Exhibit No. 1. No other statutes or provisions were included in the Order.

Section 460.100 provides that "Such trustee may sue for and recover, in his own name, any of the estate, property or effects belonging to, and all debts and sums of money due, or to become due, to such imprisoned convict, and may prosecute and defend all actions commenced by or against such convict. By leave of court, such trustee may employ counsel and, sub-ject to court approval, pay reasonable attorney fees and expenses of litigation, to prosecute or defend such actions." Mo. Rev.Stat. § 460.100 (West 1999). Section 460.250 provides that "The trustee shall be allowed reasonable compensation to be determined by the court together with expenses of administration to be paid from the trust estate." [2] Mo.Rev.Stat. § 460.250 (West 1999). The provisions of these statutes do not support the States Trustee's assertion of control over all of the Debtor's assets.

Prior to August 28, 1991, Chapter 460 contained 25 sections. During its 1990–91 session, the Missouri legislature repealed all 25 sections of Chapter 460 and in the same session enacted the current Chapter 460 consisting of revised sections 460.100 and 460.250. See Mo.Rev.Stat. §§ 460.010–460.250 (West 1989), Mo.Rev. Stat. §§ 460.100 and 460.250 (West 1999), *Berdella v. Pender,* 821 S.W.2d 846 (Mo. banc 1992). The 25 sections of the pre-repeal Chapter 460 provided a comprehensive plan for the management of the estate of a convict. *American Family Mutual Insurance Company v. Mason,* 702 S.W.2d 848, 850 (Mo.Ct.App.1985). Pre-repeal, the Chapter 460 Trustee was not permitted to hire an attorney under § 460.100 and, under § 460.250, was to be allowed, as full compensation, five percent of the whole sum that came into his hands by virtue of his trust. Mo.Rev.Stat. §§ 460.100 and 460.250 (West 1989).

It is presumed that an action taken by the legislature is intended to have some substantive effect. *Murphy v. Pemiscot County,* 639 S.W.2d 384, 385 (Mo. banc 1982). The repeal of statutes

---

1. Mr. Blumeyer has since been transferred to the Federal Correctional Institution in Forrest City, Arkansas.

2. The State Trustee may have a claim against the bankruptcy estate for prepetition services as allowed by the Cole County Court pursuant to § 460.250.

has "the effect of blotting them out completely as if they never existed" and strips the courts of the jurisdiction previously created by the voided laws. *Harkey v. Mobley*, 552 S.W.2d 79,81 (Mo.Ct.App. 1977) *citing* 82 C.J.S. Statutes § 434, 1008–1009. Similarly, the reported cases relying on the jurisdiction granted by the repealed laws are no longer precedential authority. *Id.* The primary rule of statutory construction is to ascertain the intent of the legislature from the language used in the statute and to give effect to that intent if possible, and to consider words used in the statute in their plain and ordinary meaning. *Murphy v. Pemiscot County*, 639 S.W.2d at 385 *citing City of Willow Springs v. Missouri State Librarian*, 596 S.W.2d 441, 445 (Mo. banc 1980); *State v. Kraus*, 530 S.W.2d 684, 685 (Mo. banc 1975).

■ While mindful of the history of Chapter 460 and the case law that it produced over the years, the Court will look to those statutes cited by the appointing court as the provisions under which the State Trustee serves. Cases cited by the State Trustee that were heard and decided prior to August 28, 1991 are not precedent here. Similarly, cases filed after the repeal that concerned a Chapter 460 Trustee appointed prior to repeal are distinguishable. Those cases cited by the State Trustee where the issue before the court was the appropriateness or necessity of the appointment of a Chapter 460 Trustee are not instructive as to the issue of the scope of the authority of a trustee appointed to serve under § 460.100 and § 460.250. Post-repeal case law indicates that the actions of the inmate may result in a waiver of the appointment of a Chapter 460 Trustee. *Lockhart v. Middleton*, 863 S.W.2d 367 (Mo.Ct.App.1993). The Missouri Supreme Court, in dicta, indicated that other statutes may supplement the provisions of § 460.100 and § 460.250. See *Berdella v. Pender*, 821 S.W.2d at 850. However, in the matter here, the Circuit Court Order did not include other statutory provisions to supplement § 460.100 and § 460.250.

At the time Chapter 460 was enacted a convict was deemed by statute to be "civilly dead" while he remained incarcerated. See Mo.Rev.Stat. § 222.010 (West 1969). A "convict's estate" was deemed to have been created upon the "civil death" of the inmate, analogous to the estate of a deceased person. Upon the Chapter 460 Trustee's taking of an oath and the filing of a bond, the trustee was vested with the property of the inmate's estate during the time of incarceration. Mo.Rev.Stat. §§ 460.080, 460.220 (West 1989).

The repeal of the "civil death" statutes in 1977 called into question the legal fiction that a "convict's estate" was created upon incarceration. However, because inmates continued to be under a legal disability to appear in state court on civil matters, Chapter 460 continued to provide the only mechanism for the creditors or relatives of an inmate to proceed against or defend the inmate's assets. See *American Family Mutual Insurance Company v. Mason*, 702 S.W.2d at 850.

The statute designated certain parties, which did not include the inmate, who could request the Circuit Court to appoint a trustee to take charge of and manage an imprisoned person's estate. Mo.Rev.Stat. §§ 460.010 (West 1989). Section 460.080 vested all of the inmate's assets in the Chapter 460 Trustee thus creating a trust or estate. Mo.Rev.Stat. § 460.080 (West 1989). Under the control of the appointing court, the Chapter 460 Trustee was charged with giving notice, collecting debts owed the inmate, converting the estate into cash, negotiating settlements with creditors, paying debts, accounting to the court and various other duties. Disputes

were to be submitted to referees. The court was to declare any dividend to creditors after review of the annual report by the trustee. See Mo. Rev. Stats. §§ 460.010—460.250 (West 1989).

The court in *Berdella* concluded that the legislature's repeal of § 460.010, the section that provided for the appointment of a trustee upon request of a family member or creditor, meant that inmates were no longer barred by statute from requesting the appointment of a trustee under Chapter 460. *Berdella v. Pender,* 821 S.W.2d at 850. In like manner, this Court concludes that the legislature's repeal of Mo.Rev. Stat. § 460.080, the section that vested the inmate's assets in the trustee, means that Chapter 460 no longer vests the inmate's assets in the statutory trustee. The Court further concludes that Sections § 460.100 and § 460.250 as enacted in 1991 do not provide for vesting the Statutory Trustee with the Debtor's assets.

Supporting the Court's analysis of the State Trustee's lack of control over the assets of the Debtor are the actions of the State Trustee and the Debtor throughout the pendency of this bankruptcy proceeding. The case was originally filed as a voluntary Chapter 11 case by the Debtor on March 23, 1998 on the eve of a foreclosure scheduled in Florida. On April 10, 1998, the Statutory Trustee filed motions and other pleadings in the Circuit Court of Cole County Missouri in case number CV190–1148CC informing the Circuit Court of the bankruptcy filing by the Debtor and requesting that certain items, funds and accounts be turned over to the Debtor as the Debtor-in Possession. The Statutory Trustee did not request that the turnover be made to him as Statutory Trustee for the Debtor. See Exhibits to File Document No. 23 in Case No. 98–43254–172. At or about the time he filed his petition under Chapter 11, the Debtor

opened a Debtor–in–Possession bank account that was not under the control of the Statutory Trustee. The Statutory Trustee did not assert control over the income the Debtor received from a trust. The Statutory Trustee did not assert control over certain real property in Florida that provided rental income to the Debtor prior to the filing of the bankruptcy case, that was abandoned from the bankruptcy estate, and from which the Debtor continued to receive rental income for a period of several months thereafter. The Debtor prosecuted the foreclosure matter in the Florida court and in the Federal District Court in Florida and in 11th Circuit Court of Appeals without the Statutory Trustee. Although he was aware of the bankruptcy case from April 1998, the first pleading filed in the case by the Statutory Trustee was the instant application to dismiss, filed October 10, 2000. He has continued to state that he will not enter the case as a party.

The Court finds and concludes that at the time this bankruptcy petition was filed, the Statutory Trustee was not vested with the control of the Debtor's assets; and that the statutory provisions under which the Statutory Trustee served did not divest the Debtor of the ability to file and prosecute a bankruptcy case; and that by the filing of a voluntary petition under Title 11, the Debtor submitted his assets to the jurisdiction of the bankruptcy court; and that to the extent the powers and duties of the Statutory Trustee were subject to the control that remained vested in the Debtor, the Statutory Trustee's power and duties are now subject to the control vested in the Chapter 7 Trustee.

The Court further finds and concludes that the Debtor, Arthur A. Blumeyer, III, is a person who may be a debtor in a case under Title 11; that the Debtor was under no legal disability to file and prosecute this

bankruptcy case due to the prepetition appointment of the Statutory Trustee under the provisions of Mo.Rev.Stat. §§ 460.100 and 460.250; that the Debtor voluntarily filed this bankruptcy case, and that the Statutory Trustee was apprised of the filing shortly thereafter; that his appointment under the provisions of Mo.Rev. Stat. § 460.100 and § 460.250 did not vest the Statutory Trustee with control over the assets of the Debtor; that the Statutory Trustee did not assert control over the assets of the Debtor prior to the filing of the bankruptcy case or thereafter; that the Statutory Trustee has not entered this case as a party; that the Bankruptcy Court was not deprived of jurisdiction over this bankruptcy case by the provisions of Mo.Rev.Stat. § 460.100 or § 460.250; and that dismissal of the case is not in the best interest of the Debtor, Arthur A. Blumeyer III, or the creditors of the estate.

### *ORDER*

On consideration of the record as a whole, and consistent with the findings, conclusions and determinations in the Memorandum dated August 4, 2003,

**IT IS ORDERED** that this Adversary Proceeding is concluded; and that judgment on the substantive issues in this matter is entered in favor of the Trustee/Defendant and against the Debtor/Plaintiff as described and set out here and in the related Memorandum; and that the Chapter 7 Trustee, in the proper exercise of the authority vested in him by the Bankruptcy Code, is to continue the administration of this Chapter 7 estate; and that the Debtor/Plaintiff's motion to compel turnover of assets to the State Trustee is denied; and that all other requests here are denied as having been resolved in other proceedings or as moot.