**Murlin R. PHILLIPS, Appellant,**

v.

**Jasper N. EDMUNDSON, Jr., et al., Respondents.**

No. SC 88442.

Supreme Court of Missouri, En Banc.

Dec. 18, 2007.

---

**3.** There is no evidence Fick was under the age of 21 years. *See section 577.041, RSMo Supp.* 2006.

Murlin R. Phillips, Jefferson City, pro se.

Jeremiah W. (Jay) Nixon, Atty. Gen., Paul Harper, Asst. Atty. Gen., Jefferson City, for amicus curiae Murlin R. Phillips, pro se.

J. Brian Baehr, Columbia, Curtis Poore, Cape Girardeau, for Respondents.

MARY R. RUSSELL, Judge.

■ The issue before the Court is whether an inmate may sue in his own name or whether a trustee must first be appointed to represent his estate. This Court finds that chapter 460, RSMo 2000,[1] permits, but does not require the appointment of a trustee.

Murlin R. Phillips ("Inmate"), an inmate serving a life sentence in the Missouri Department of Corrections, filed a legal malpractice action against Jasper N. Edmundson, Jr., and the Edmundson, Summers, Hopkins and Edmundson Law Firm (collectively "Attorney"). Attorney filed a motion to dismiss, alleging that Inmate failed to comply with the requirements of chapter 460 in that he did not request the appointment of a trustee so that his malpractice suit could be brought in the trustee's name. The trial court agreed and dismissed Inmate's petition without prejudice.

Inmate appeals the dismissal without prejudice of his suit,[2] arguing that chapter 460 was unconstitutionally applied to him because it violates his rights to access the courts.[3] This Court has exclusive jurisdiction over this appeal. Mo. Const. art. V, sec. 3. The judgment of the trial court is reversed because the appointment of a

---

1. All further references are to RSMo 2000, unless otherwise indicated.

2. This matter is ripe for appeal in that the dismissal without prejudice has the practical effect of terminating the litigation and precluding Inmate from bringing another action for the same cause. *Chromalloy Am. Corp. &*

*E.F. Co. v. Elyria Foundry Co.*, 955 S.W.2d 1, 3 (Mo. banc 1997).

3. Inmate claims a violation of his rights under the 1st, 5th, and 14th Amendments to the United States Constitution and article I, sections 2, 10, and 14 of the Missouri Constitution.

trustee is not mandatory. The case is remanded.

 The standard of review for constitutional challenges to a statute is *de novo*. *Hodges v. City of St. Louis*, 217 S.W.3d 278, 279 (Mo. banc 2007).

Chapter 460, which addresses the estates of convicts, contains two sections: Section 460.100 states:

> Such trustee may sue for and recover, in his own name, any of the estate, property or effects belonging to, and all debts and sums of money due, or to become due, to such imprisoned convict, and may prosecute and defend all actions commenced by or against such convict. By leave of court, such trustee may employ counsel and, subject to court approval, pay reasonable attorney fees and expenses of litigation, to prosecute or defend such actions.

Section 460.250 states: "The trustee shall be allowed reasonable compensation to be determined by the court together with expenses of administration to be paid from the trust estate."

 The purpose of this chapter is to protect creditors and other interested persons from potential squandering of an inmate's estate while he is incarcerated. *Berdella v. Pender*, 821 S.W.2d 846, 850 (Mo. banc 1991).

Prior to 1990, chapter 460 contained 24 sections and had been construed to require the appointment of a trustee to be able to obtain a valid judgment in a suit that attacks an inmate's property. *See Lockhart v. Middleton*, 863 S.W.2d 367, 370 (Mo.App.1993). In 1990, however, the legislature repealed chapter 460 in its entirety and reenacted only sections 460.100 and 460.250. As a result, case law that was based on the former version of chapter 460 is no longer proper precedent. *See, e.g., Am. Family Mut. Ins. Co. v. Mason*, 702 S.W.2d 848, 852 (Mo.App.1985), and *Schrader v. Summerville*, 763 S.W.2d 717, 719 (Mo.App.1989).

Sections 460.100 and 460.250 set forth the powers of a trustee and the compensation for a trustee when appointed. There is no language requiring the appointment of a trustee. There is no need to address Inmate's constitutional claims as this Court will not address a constitutional question if the case can be decided without reaching it. *State v. Eisenhouer*, 40 S.W.3d 916, 919 (Mo. banc 2001). Because the plain language in the current version of chapter 460 does not mandate that the trial court appoint a trustee, the trial court erred in dismissing Inmate's petition. *Berdella*, 821 S.W.2d at 850.

 The appointment of a trustee in an action filed against or by an inmate is permitted, but it is not mandatory. The trial court's judgment is reversed, and the case is remanded.

All concur.